| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larry D Simons<br>Law Offices of Larry D. Simons<br>15545 Devonshire Ave<br>Ste 110<br>Mission Hills, CA 91345<br><br>818-672-1778<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br>Conex Xpress, Inc.<br><br><br>_____ Debtor(s). | CASE NO.: 2:23-bk-10484-BR<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:24-ap-01093-BR |
|---|---|
| Sam Leslie<br><br>                    Plaintiff(s)<br>Versus<br><br>Jaime A Cornejo<br><br><br>_____ Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **05/17/2024.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    Date:          **June 11, 2024**
    Time:          **10:00 AM**
    Hearing Judge: **Barry Russell**
    Location:      **255 E Temple St., Crtrm 1668, Los Angeles, CA 90012**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                   Page 1                      **F 7004-1.SUMMONS.ADV.PROC**

You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference. All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                            KATHLEEN J. CAMPBELL
                            CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>April 17, 2024</u>

                    By: <u>   "s/" Stacey Fortier   </u>
                           Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016　　　　　　　　　　　　　　Page 2　　　　　　　　　　F 7004-1.SUMMONS.ADV.PROC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NOTICE**

**RE: CONTINUANCES:**

No continuances will be granted unless a written stipulation signed by all parties is filed at least 48 hours prior to the schedules hearing. Such stipulation must explain, in detail, the reason for the continuances. Such stipulation must be in the form of a declaration, signed under penalty of perjury. No continuance will be granted without good cause.

In addition to filing a written stipulation, the Courtroom Deputy must be notified personally at least 24 hours before the hearing. No continuances will be granted on the day of the hearing. It is the responsibility of all parties to check to see that the Court has been so notified. If there has been no notification, both written and oral, all sides must be ready to proceed with the hearing. Unless the parties have been notified by the clerk that the judge has granted the motion, all parties must appear for the hearing.

**RE: SETTLEMENTS:**

In case of a settlement reached prior to a hearing or trial, every effort should be made to notify the Court at least 48 hours prior to the hearing or trial.

**RE: SANCTIONS FOR FAILURE TO TIMELY PREPARE FOR STATUS AND PRE-TRIAL CONFERENCES:**

Pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7016-1, failure to timely comply with Rule 7016-1 will result in sanctions of at least $400.00 against any party and/or its counsel, payable to the Clerk of Court, General Fund Account. Additional sanctions may be imposed as deemed appropriate under the circumstances. Timely compliance with Rule 7016-1 includes, but is not limited to, timely filing of status report and pre-trial orders. Subsequent offenses in the same matter will result in escalating sanctions. Sending attorneys to court to appear on matters, about which they are inadequate informed will result in similar sanctions.

_/s/ Barry Russell_
BARRY RUSSELL
U.S. BANKRUPTCY JUDGE

# FREE LEGAL HELP

A creditor has sued you in bankruptcy court. You were served with a Summons and Complaint, and you must now file an Answer. If you do not file an Answer on time, the court may enter a default judgment against you. This means that your debt may not be discharged and you will be responsible for paying it back.

## IF YOU CAN NOT AFFORD AN ATTORNEY, FREE LEGAL HELP MAY BE AVAILABLE.

For more information, call:

### Public Counsel's

### Debtor Assistance Project Hotline

### (213) 385-2977, ext. 704



35TH ANNIVERSARY

THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

# AYUDA LEGAL GRATUITA

Su acreedor le ha demandado en la corte de bancarrota. Usted recibió la demanda, llamada "Summons" y "Complaint." Usted debe archivar una respuesta a la demanda en la corte. Si no archiva la respuesta a tiempo, la corte puede decidir en su contra. Si eso sucede, la deuda no se descargará en su caso de bancarrota y Usted será responsable por pagar al acreedor.

## SI LE FALTAN RECURSOS PARA CONTRATAR A UN ABOGADO, LLAME A LA LINEA DE AYUDA LEGAL GRATUITA.

Para mas información, llame al:

**Proyecto de Ayuda al Deudor de Public Counsel**

(213) 385-2977, ext. 704



35TH ANNIVERSARY
THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

1  Larry D. Simons, CLS-B (CA Bar No. 179239)
   *larry@lsimonslaw.com*
2  Frank X. Ruggier CLS-B (CA Bar No. 198863)
   *frank@lsimonslaw.com*
3  **LAW OFFICES OF LARRY D. SIMONS**
   15545 Devonshire Street, Suite 110
4  Mission Hills, California 91345
   Telephone: 818.672.1778
5  Facsimile: 626.389.5607

6  Attorneys for Plaintiff, Sam S. Leslie, Chapter 7 Trustee

7

8

9                    UNITED STATES BANKRUPTCY COURT

10           CENTRAL DISTRICT OF CALIFORNIA, LOS ANGLES DIVISION

11

12 | In re                              | Case No. 2:23-bk-10484 BR

13 | CONEX XPRESS, INC.,                | Adv. Proc. No.

14 |                Debtors.            | Chapter 7

15 |                                    | **COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) PRESERVATION OF PREFERENTIAL AND FRAUDULENT TRANSFERS AND (4) DISALLOWANCE OF CLAIMS**
16 | SAM S. LESLIE,
   | solely in his capacity as Chapter 7 Trustee,
17 |                Plaintiff,
18 | v.
19 | JAIME A. CORNEJO, an individual,   | [11 U.S.C. §§ 547, 548, 550, 551 and 502(d)]
20 |                Defendant,          | DATE: TO BE SET BY SUMMONS
21 |                                    | TIME: TO BE SET BY SUMMONS
   |                                    | PLACE: Courtroom 1668
22 |                                    | 255 East Temple Street
   |                                    | Los Angeles, CA 90012
23

24  TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE

25  AND DEFENDANT:

26  ///

27  ///

28
                                         1
   **COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) PRESERVATION OF PREFERENTIAL AND FRAUDULENT TRANSFERS AND (4) DISALLOWANCE OF CLAIMS -**

For his Complaint for (1) Avoidance and Recovery of Preferential Transfers, (2) Avoidance and Recovery of Fraudulent Transfers; (3) Preservation of Preferential and Fraudulent Transfers, and (4) Disallowance of Claim (the "Complaint"), plaintiff, Sam S. Leslie, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee or "Plaintiff") for the estate of Conex Xpress, Inc. (the "Debtor") hereby alleges and avers as follows:

## CORE/NON CORE DESIGNATION

1. In accordance with Local Bankruptcy Rule 7008-1, Plaintiff alleges that this adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H). Plaintiff acknowledges that the Court has the power to enter final orders and judgments in this matter. Plaintiff also consents to the Court's entry of final orders and judgments in this matter under Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and (H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising in and/or related to the Debtor's chapter 7 case, styled In re Conex Xpress, Inc., bearing Bankruptcy Case No. 2:23-bk-10484 BR, currently pending in the Los Angeles division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

3. Plaintiff, Sam S. Leslie (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 Bankruptcy Case.

4. Debtors, Conex Xpress, Inc. (the "Debtor") is the chapter 7 debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on January 28, 2023 (the "Petition Date").

///

///

## PARTIES

5.  Plaintiff brings this action solely in his capacity as Trustee for the benefit of the estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the petition was filed.

6.  Plaintiff was appointed after the filing of the Debtor's chapter 7 case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

7.  Defendant, Jaime A. Cornejo (the "Defendant") is an individual living within the jurisdiction of this Court. At all relevant times, Defendant was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

8.  Plaintiff is informed and believes and, on that basis alleges thereon that Defendant is an insider of the Debtor as defined at 11 U.S.C. § 101(31)(B) in that Defendant was an officer and/or director of the Debtor.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.  Plaintiff is informed and believes and, on that basis alleges thereon, that the Debtor made transfers of property to the Defendant on or within one year prior to the Petition Date, that is, between January 28, 2022 and January 28, 2023, in the form of payments to the Defendant, totaling $62,210.00 (collectively, the "Subject Transfers"). The Subject Transfers are listed on **Exhibit "A"**, which is incorporated herein by this reference.

///

## FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))**

10. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 9 as though set forth in full.

11. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfers were made to the Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Subject Transfers as the term "creditor" is defined by 11 U.S.C. § 101(10).

12. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfers were a transfer of interest of the Debtors in property.

13. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Subject Transfers were made.

14. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfers were made while the Debtor was insolvent.

15. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfers enabled the Defendant to receive more than the Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the respective transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

16. Interest on the Subject Transfers has accrued and continues to accrue from the date the Subject Transfers were made.

17. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Subject Transfers are avoided pursuant to 11 U.S.C. § 547(b).

///
///
///
///

## SECOND CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

### [11 U.S.C. § 548 (a)(1)(A)]

18. Plaintiff realleges each and every allegation contained in paragraphs 1–17 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

19. Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the Petition Date, the Debtor transferred monies to Defendant, specifically, the Subject Transfers.

20. Plaintiff is informed and believes and, on that basis, alleges thereon, that the Subject Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors with the intent to place monies that may have existed for the benefit of the creditors of the Debtor beyond the reach of the Trustee.

21. By reason of the foregoing, the Subject Transfers are avoidable pursuant to Section 548(a)(1)(A).

## THIRD CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. § 548(a)(1)(B)(i-ii)(I)]

22. Plaintiff realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

23. Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the Petition Date, the Debtor transferred monies to Defendant, specifically, the Subject Transfers.

24. Plaintiff is informed and believes and, on that basis, alleges thereon, that the Subject Transfers were for less than reasonably equivalent value when the Debtor was insolvent or as a result of which the Debtor became insolvent.

25. By reason of the foregoing, the Subject Transfers are avoidable pursuant to Section 548(a)(1)(B)(i-ii)(I).

## FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

[11 U.S.C. § 548(a)(1)(B)(i-ii)(II)]

26. Plaintiff realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

27. Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the Petition Date, the Debtor transferred monies to Defendant, specifically, the Subject Transfers.

28. Plaintiff is informed and believes and, on that basis, alleges thereon, that the Subject Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the Subject Transfers, and that at the time of the Subject Transfers, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

29. By reason of the foregoing, the Subject Transfers are avoidable pursuant to Section 548(a)(1)(B)(i-ii)(II).

## FIFTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

[11 U.S.C. § 548(a)(1)(B)(i-ii)(III)]

30. Plaintiff realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

31. Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the Petition Date, the Debtor transferred monies to Defendant, specifically, the Subject Transfers.

32. Plaintiff is informed and believes and, on that basis, alleges thereon, that the Subject Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the Subject Transfers, and that at the time of the Subject Transfers, the Debtor intended to incur, or believed that the debtor incur debts that be beyond the debtor's ability to pay as such debts matured.

33. By reason of the foregoing, the Subject Transfers are avoidable pursuant to Section 548(a)(1)(B)(i-ii)(III).

## SIXTH CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 U.S.C. § 550)

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth in full.

35. Plaintiff is informed and believes and, on that basis alleges thereon, that Plaintiff is entitled to avoid the Subject Transfers under 11 U.S.C. § 547(b) or § 548. As the Defendant is the initial transferee of the Subject Transfers, or the individual or entity for whose benefit the Subject Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Subject Transfers, Plaintiff is entitled to recover for the Estate the proceeds or value of the Subject Transfers under 11 U.S.C. § 550.

## SEVENTH CLAIM FOR RELIEF

### (For Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 as though set forth in full.

37. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b) or § 548, including the Subject Transfers, for the benefit of the Estate.

## EIGHTH CLAIM FOR RELIEF

### (For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

38. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37 as though set forth in full.

39. Plaintiff is informed and believes and, on that basis alleges thereon, that the Defendant may assert a claim against the Debtor's estate.

40. Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by the Defendant be disallowed for their failure to repay the Subject Transfers.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

///

///

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

7

COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) PRESERVATION OF PREFERENTIAL AND FRAUDULENT TRANSFERS AND (4) DISALLOWANCE OF CLAIMS -

**ON THE FIRST CLAIM FOR RELIEF**

1. For a judgment that the Subject Transfers are avoidable as preferential transfers under 11 U.S.C. § 547(b).

**ON THE SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF**

2. For a judgment that the Subject Transfers are avoidable as fraudulent transfers under 11 U.S.C. § 548.

**ON THE SIXTH CLAIM FOR RELIEF**

3. For a judgment that the Estate is entitled to recover the Subject Transfers or the value thereof under 11 U.S.C. § 550.

**ON THE SEVENTH CLAIM FOR RELIEF**

4. For a judgment that the Estate is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b) and/or § 548, including the Subject Transfers, for the benefit of the Estate.

**ON THE EIGHTH CLAIM FOR RELIEF**

5. For a judgment disallowing any claims of the Defendant against the Debtor's Estate pursuant to 11 U.S.C. § 502.

**ON ALL CLAIMS FOR RELIEF:**

6. For interest as permitted by law from the date of the Subject Transfers;

7. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

8. For such other and further relief as the Court deems just and proper

Dated: April 16, 2024

LAW OFFICES OF LARRY D. SIMONS

_/s/Larry D. Simons_
Larry D. Simons, Attorneys for Plaintiff,
Sam S. Leslie, Chapter 7 Trustee

# EXHIBIT A

| Date | Transferee | amount |
|---|---|---|
| 11/7/2022 | Cornejo J | $1,000.00 |
| 10/12/2022 | Cornejo J | $3,000.00 |
| 8/29/2022 | Cornejo J | $1,000.00 |
| 8/29/2022 | Cornejo J | $1,000.00 |
| 8/18/2022 | Cornejo J | $800.00 |
| 8/3/2022 | Cornejo J | $3,000.00 |
| 8/1/2022 | Cornejo J | $4,000.00 |
| 7/27/2022 | Cornejo J | $1,000.00 |
| 7/12/2022 | Cornejo J | $1,000.00 |
| 6/28/2022 | Cornejo J | $1,000.00 |
| 6/22/2022 | Cornejo J | $1,000.00 |
| 6/21/2022 | Cornejo J | $7,000.00 |
| 6/13/2022 | Cornejo J | $3,000.00 |
| 6/7/2022 | Cornejo J | $3,000.00 |
| 5/9/2022 | Cornejo J | $2,000.00 |
| 5/2/2022 | Cornejo J | $2,000.00 |
| 4/25/2022 | Cornejo J | $1,000.00 |
| 4/5/2022 | Cornejo J | $700.00 |
| 4/5/2022 | Cornejo J | $3,000.00 |
| 3/28/2022 | Cornejo J | $3,500.00 |
| 3/22/2022 | Cornejo J | $860.00 |
| 3/9/2022 | Cornejo J | $850.00 |
| 3/9/2022 | Cornejo J | $4,000.00 |
| 3/7/2022 | Cornejo J | $4,500.00 |
| 2/24/2022 | Cornejo J | $2,000.00 |
| 2/24/2022 | Cornejo J | $2,000.00 |
| 2/14/2022 | Cornejo J | $5,000.00 |
| | | **$62,210.00** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15545 Devonshire Street, Suite 110, Mission Hills, CA 91345

A true and correct copy of the foregoing document entitled:

**Summons and Notice of Status Conference in Adversary Proceeding; Supplemental Court Notices; Complaint for (1) Avoidance and Recovery of Preferential Transfers; (2) Avoidance and Recovery of Fraudulent Transfers; (3) Preservation of Preferential and Fraudulent Transfers; and (4) Disallowance of Claims**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **04/18/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Glenn Ward Calsada:** glenn@calsadalaw.com, lnw@calsadalaw.com, glenncalsada@gmail.com, niko@calsadalaw.com, lauren@calsadalaw.com, pat@calsadalaw.com
**Sam S. Leslie (TR):** sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com
**United States Trustee (LA):** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **04/18/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant:** Jaime A. Cornejo, 221 West 136th St. Compton, CA 90222

**Debtor:** Conex Express, 1221 West 136th St. Compton, CA 90222

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/18/2024 | Karen Green | /s/ Karen Green |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE